NATHANIEL R. DENTON, JOHN BAIRD AND OTHERS, APPELLANTS, *v.* GEORGE W. SANFORD AND ANDREW J. MAPES, EXECUTORS, ETC., OF SAMUEL DENTON, DECEASED, RESPONDENTS.

*Executor — when he may invest moneys of the estate in fulfilling the testator's agreement to purchase real estate in another State—when not liable for a loss-resulting from a defect in the title.*

APPEAL from a decree of the surrogate of Orange county dismissing a petition.

The petitioners applied to have the defendants removed from their position as executors of the last will and testament of Samuel Denton, deceased, upon the ground that they had wrongfully and unlawfully invested money belonging to the estate in real estate in the State of New Jersey.

The court at General Term, in approving of the action of the surrogate in dismissing the petition, said: "Upon the merits of the case, as disclosed by the appeal book, there is no well founded subject of complaint against the executors, although the result has been disastrous to the petitioners.

"The petitioners are legatees under the will of James Denton, deceased, and the defendants are his executors. The deceased held a mortgage for $3,000 on lands in New Jersey which he had taken himself, and these lands were subject to prior liens. The deceased had foreclosed his mortgage in his lifetime and had bid in the lands himself for a sum which would pay all prior liens. The parcels were two in number and the farm in question was then worth $10,000 and was assessed for that sum. The bid for this farm made by deceased was $8,500. The deceased lived nearly or quite a year after he bid in the property, and did not take the deed from the sheriff in New Jersey who made the sale. There is no explanation for the delay. No proof of an intent to abandon the purchase is given, but the fact that it required some $10,000 to obtain the deed may explain it. After his death the executors were justified in carrying out the intent of the testator. There was a margin apparently of $1,500 in the farm and they were justified in taking the title to secure it. The case is one which is supported by *Ormiston* v. *Olcott* (84 N. Y., 339). The loan was the act of the testator. The purchase of lands outside of the State was his act. The executors had the right to assume the prudence and care of the testator under the circumstances. The mortgagor of the testator had been possessor claiming as owner for many years before giving the mortgage, and his successors so continued for some years after. It then appeared after the executors had taken the title that two-sevenths was not good. This was shown in a litigation more or less expensive, and the amount finally realized from the farm is very small, some $2,200. The taking the title in the individual name of the executors was an act of prudence, and so long as the land was held for the estate no injurious purpose could be imputed to them for it. When cited they put the security in the form of a mortgage by a sale to Mrs. Mapes and a mortgage back from her for the purchase-price. If the deed was properly taken in the first place, no injury resulted to the petitioners by this course. Whatever security there was in the farm they got to the extent they were interested in it. Nothing of theirs was given away. At the time this mortgage was taken the land was worth at least the $6,000, and apparently would bring that sum and no doubt would have done so but for the failure of title which was manifested thereafter. Upon the facts disclosed,

therefore, and without passing upon the question whether or not the former decrees of the surrogate of Orange county, and whether the former judgment of the Supreme Court are binding as an adjudication upon the petitioners, the judgment now appealed from should be affirmed, with costs."

*Benjamin Low*, for the appellants.

*F. V. Sanford* and *John J. Beattie*, for the respondents.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Surrogate's order dismissing petition affirmed, with costs.